IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| REYBOLD CONSTRUCTION CORPORATION, <br> 116 East Scotland Drive <br> Bear, DE 19701 <br><br>               Plaintiff, <br><br> v. <br><br> RALPH GREBOW, <br> 15 Whitbay Drive <br> West Orange, NJ 07052 <br><br>               Defendant. | : <br> : <br> : <br> : <br> : <br> : C.A. No. <br> : <br> : <br> : <br> : JURY TRIAL DEMANDED <br> : <br> : <br> : |

## NOTICE OF REMOVAL OF ACTION

TO:    CLERK, UNITED STATES DISTRICT COURT CLERK FOR THE DISTRICT OF DELAWARE

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendant Ralph Grebow ("Grebow") hereby removes this case, instituted by Plaintiff Reybold Construction Corporation ("Reybold Construction"), from the Superior Court of the State Delaware in and for New Castle County, to this Court, without waiver of any defenses, procedural or substantive. Defendant Grebow alleges the following bases for removal:

    1.    Reybold Construction commenced this action by filing a Complaint ("the Complaint") in the Superior Court of the State of Delaware in and for New Castle County ("the State Court Action") purporting to enforce liquidated damages. A true and correct copy of the Complaint is attached hereto in Exhibit A.

    2.    Upon information and belief, and as alleged in the Complaint, Reybold Construction is organized and existing under the laws of the state of Delaware. (*See* Ex. A ¶ 1). Upon information and belief, and based upon the Delaware Corporation Bureau's records, Reybold Construction maintains its principal place of business in Bear, Delaware. Therefore, for

purposes of this Court's diversity jurisdiction, Reybold Construction is a citizen of Delaware.

3. Ralph Grebow is a citizen and resident of the State of New Jersey who resides at 15 Whitbay Drive, West Orange, New Jersey. Defendant does not maintain a residence in any other State. Therefore, for purposes of this Court's diversity jurisdiction, Grebow is a citizen of the State of New Jersey.

4. The Complaint alleges that on September 26, 2005, Reybold Construction entered into an AIA A101-1997 Standard Form of Agreement between Owner and Contractor ("the Agreement") with non-party Atlantic Meridian Crossing, LLC ("Atlantic"). It further alleges that in March 2006, Reybold Construction entered into the "First Amendment to [the] Agreement" ("the Amendment") with Atlantic and Grebow, under which Grebow would purportedly be held personally liable for liquidated damages if Atlantic failed to perform its obligations under the Agreement, and that Atlantic failed to perform its obligation "which trigged [sic] the obligation of Grebow to pay the liquidated damages of $1,500,000." (*See* Ex. A ¶¶ 3 - 9). Defendant denies these allegations and all liability. Accordingly, the amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

5. Hence, this Court has original jurisdiction over this action, pursuant to 28 U.S.C. § 1332(a), in that the action is between citizens of different states; there is complete diversity of citizenship between the parties; and the amount in controversy, exclusive of interests and costs, exceeds the sum or value of $75,000.00.

6. Defendant is not a citizen or resident of Delaware and, therefore, is entitled to remove this action.

7. This Notice of Removal is timely filed because service of the Complaint was purportedly made upon the Delaware Secretary of State, as agent for Grebow for the purposes of the acceptance of legal process, pursuant to 10 *Del. C.* § 3104, on June 2, 2008. Under Delaware

law, service upon the Secretary of State "shall be as effectual to all intents and purposes as if made personally upon the defendant . . . provided, that not later than 7 days following the filing of the return of services of process in the court in which the civil action is commenced . . . the plaintiff or a person acting in the plaintiff's behalf shall send by registered mail to the nonresident defendant . . . a notice consisting of a copy of the process and complaint served upon the Secretary of State and the statement that service of the original of such process has been made upon the Secretary of State of this State." 10 *Del. C.* § 3104(d). While no such notice has been received by Grebow, and Grebow otherwise contests the validity of service, the earliest possible time that the running of the thirty day removal period could have commenced is June 2, 2008. Accordingly, this Notice is being filed within 30 days of the date of the receipt by the defendant of the Complaint by "service or otherwise" within the meaning of 28 U.S.C. § 1446.

8. In accordance with 28 U.S.C. § 1446(d), Grebow has given contemporaneous written notice of the within Notice of Removal to all parties and to the Prothonotary of the Superior Court of the State of Delaware in and for New Castle County.

9. To date, the docket entries in the State Court Action consist in Reybold Construction's Complaint, Entry of Co-Appearance on behalf of Plaintiff, Summons, Letter from the Prothonotary regarding case being reassigned to Judge Cooch, and the Sheriff's Return indicating service of process on Grebow through the Delaware Secretary of State on June 2, 2008. A copy of these documents are attached hereto as Exhibit A.

WHEREFORE, Defendant Ralph Grebow respectfully requests that this Court assume jurisdiction of this action and enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

Dated: June 20, 2008

*David A. Felice* (signature)
David A. Felice (#4090)
Cozen O'Connor
1201 North Market Street, Suite 1400
Wilmington, DE 19801
Telephone: (302) 295-2000
Facsimile: (302) 295-2013
*Attorneys for Defendant Ralph Grebow*

# EXHIBIT A

EFiled: May 14 2008 12:04PM EDT
Transaction ID 19825837
Case No. 08C-05-100 CHT

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| REYBOLD CONSTRUCTION CORPORATION,<br><br>       Plaintiff,<br><br>    v.<br><br>RALPH GREBOW,<br><br>       Defendant. | ) C.A. No.<br>)<br>)<br>) TRIAL BY JURY OF<br>) TWELVE DEMANDED<br>)<br>) ALL ALLEGATIONS OF THE COMPLAINT<br>) MUST BE ANSWERED BY AFFIDAVIT IN<br>) ACCORDANCE WITH THE PROVISIONS<br>) OF 10 DEL. C. § 3901 |

## COMPLAINT

1.  Plaintiff, Reybold Construction Corporation ("Reybold") is a Delaware corporation.

2.  Defendant, Ralph Grebow ("Grebow"), is a New Jersey resident whose agent for service of process is the Delaware Secretary of State pursuant to 10 Del. C. § 3104(c)(1) and (6).

3.  Reybold entered into an "AIA A101-1997 Standard Form of Agreement between Owner and Contractor" (the "AIA Agreement") dated September 26, 2005 with Atlantic Meridian Crossing, LLC ("Atlantic"). Pursuant to the AIA Agreement, Atlantic agreed to pay Reybold $10,435,000 for construction and services relating to common areas and other improvements in the subdivision of Meridian Crossing in Bear, Delaware, in which Atlantic purchased building lots from affiliates of Reybold.

4.  In connection with the AIA Agreement, Reybold requested that Grebow provide a personal guaranty of certain obligations of Atlantic.

5.  Grebow is the sole manager and member of The Atlantic Companies, LLC, which is the sole member of Atlantic.

6. In March, 2006, Reybold, Atlantic and Grebow entered into a "First Amendment to Agreement" (the "Amendment"), which modified the AIA Agreement by limiting the liability of Atlantic to $6,938,880, plus liquidated damages of $1,500,000, in the event that Atlantic did not purchase an additional 131 building lots in Meridian Crossing. A copy of the Amendment is attached hereto as Exhibit A.

7. The Amendment provides, in relevant part:

"Reybold, Atlantic and Grebow agree that: (a) Reybold's damages resulting from Atlantic's non-performance of the [AIA] Agreement are difficult, if not impossible, to determine; (b) it would be impracticable and extremely difficult to fix the actual damages suffered by Reybold as a result of such non-performance; and (c) the amount of the liquidated damages specified herein is a fair estimate of those damages which has been agreed to in an effort to cause the amount of damages to be certain."

8. In exchange for the foregoing limitation of liability, Grebow agreed to personally assume and perform the obligations of Atlantic under the AIA Agreement, to the extent of the liquidated damages provision contained in the Amendment.

9. Atlantic failed to purchase all of the additional 131 building lots from affiliates of Reybold by April 20, 2007, which trigged the obligation of Grebow to pay the liquidated damages of $1,500,000.

10. As required under the Amendment, Reybold sent written demand to Grebow for payment of the liquidated damages of $1,500,000.

11. Grebow has failed and refused to pay the liquidated damages of $1,500,000 to Reybold as required by the Amendment.

12. Grebow's failure to pay the liquidated damages of $1,500,000 constitutes a breach of the Amendment.

13. As a result of Grebow's breach of the Amendment, Reybold is entitled to a judgment against Grebow in the amount of $1,500,000.

**WHEREFORE**, Reybold demands that judgment be entered against Grebow in the amount of $1,500,000, plus interest and the costs of this action.

**MORRIS JAMES LLP**

/s/ John H. Newcomer, Jr.
John H. Newcomer, Jr. (I.D. # 2323)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
(302) 888-6975
jnewcomer@morrisjames.com

and

**LAW OFFICES OF
JEFFREY M. WEINER, P.A.**
Jeffrey M. Weiner (I.D. # 403)
1332 King Street
Wilmington, Delaware 19801
(302) 652-0505
legalw@aol.com

Co-Counsel for Reybold Construction Corporation

Dated: May 14, 2008

1706373/1

EFiled: May 16 2008 4:27 EDT
Transaction ID 19871055
Case No. 08C-05-100 CHT

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

### IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| REYBOLD CONSTRUCTION CORPORATION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RALPH GREBOW, )<br>)<br>Defendant. ) | C.A. No. 08C-05-100-CHT |

### ENTRY OF CO-APPEARANCE

**PLEASE ENTER** the co-appearance of Jeffrey M. Weiner, Esquire, 1332 King Street, Wilmington, Delaware 19801 on behalf of Plaintiff Reybold Construction Corporation.

/s/ JEFFREY M. WEINER, ESQUIRE #403
JEFFREY M. WEINER, ESQUIRE #403
1332 King Street
Wilmington, DE 19801
(302) 652-0505
Co-Counsel for Plaintiff

DATED:   May 16, 2008

**SUPERIOR COURT**
OF THE
**STATE OF DELAWARE**

EFiled: Jun 6 2008 4:40P
Transaction ID 20144519
Case No. 08C-05-100 RRC



**SHARON D. AGNEW**
PROTHONOTARY, NEW CASTLE COUNTY

NEW CASTLE COUNTY COURT HOUSE
500 N. KING STREET
LOWER LEVEL 1, SUITE 500
WILMINGTON, DE 19801-3746
(302) 255-0800

JUDGMENT DEPARTMENT
500 N. KING STREET
1ST FLOOR, SUITE 1500
WILMINGTON, DE 19801-3704
(302) 255-0556

JOHN H NEWCOMER
MORRIS JAMES LLP
500 DELAWARE AVE., STE. 1500
P.O. BOX 2306
WILMINGTON DE 198990000

REYBOLD CONSTRUCTION VS RALPH GREBOW,
    CIVIL ACTION NO. 08C-05-100 RRC

DEAR COUNSEL:

    AS OF THIS DATE THE ABOVE CAPTIONED CASE HAS BEEN
REASSIGNED TO JUDGE COOCH.  PLEASE REMEMBER THAT ON
ALL FUTURE DOCUMENTS AND FILINGS ON THIS CASE, YOU MUST
REFERENCE THE ASSIGNED JUDGE BY INCLUDING THE JUDGE'S
INITIALS (RRC) AS A SUFFIX TO THE CIVIL ACTION NUMBER.

    IF YOU HAVE ANY QUESTIONS REGARDING THE ABOVE
INFORMATION, PLEASE CALL CIVIL DEPUTY ELLEN DAVIS AT
255-0751.

                    VERY TRULY YOURS,
                    *Sharon Agnew*
                    SHARON AGNEW
                    PROTHONOTARY

DATED: 06/06/2008

6/17/08 J.M.
John
9/3 1AM

EFiled: Jun 17 2008 /2:36 EDT
Transaction ID 20276314
Case No. 08C-05-100 RRC

# Sheriff's Return

Served the within Summons and copy of the following complaint:

SUMMONS/COMPLAINT

this day, Monday, June 2, 2008, personally upon **HARRIET SMITH WINDSOR**, Secretary of State of the State of Delaware, by leaving with her a true and correct copy of the said Summons for the defendant:

RALPH GREBOW

FILED
PROTHONOTARY
2008 JUN 17 AM 8:48

and a copy of the Complaint for the said defendant, together with the sum of $ 2.00 Dollars, as prescribed by Section of Title of the Delaware Code of 1978.

So Answers,

J~ Higdon

Jim Higdon
Sheriff of Kent County

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| REYBOLD CONSTRUCTION CORPORATION,<br>116 East Scotland Drive<br>Bear, DE 19701<br><br>Plaintiff,<br><br>v.<br><br>RALPH GREBOW,<br>15 Whitbay Drive<br>West Orange, NJ 07052<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>: C.A. No.<br>:<br>:<br>:<br>:<br>: JURY TRIAL DEMANDED<br>:<br>:<br>: |

**CERTIFICATE OF SERVICE**

I, David A. Felice, hereby certify under penalty of perjury that, on this 20th day of June, a true and correct copy of the foregoing *Notice of Removal of Action* was served upon counsel of record in the manner indicated:

*Hand Delivery*
John H. Newcomer, Jr., Esquire
Morris James LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801

*Hand Delivery*
Jeffrey M. Weiner, Esquire
Law Offices of Jeffrey M. Weiner, P.A.
1332 King Street
Wilmington, DE 19801

David A. Felice (#4090)

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THIS FORM.)

## I. (a) PLAINTIFFS
REYBOLD CONSTRUCTION CORPORATION

## DEFENDANTS
RALPH GREBOW

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: New Castle County, Delaware
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
John H. Newcomer, Jr., Morris James LLP, 500 Delaware Avenue, Suite 1500, Wilmington, DE 19801 (302) 888-6975; Jeffrey M. Weiner, Law Offices of Jeffrey M Weiner, P.A., 1332 King Street, Wilmington, DE 19801 (302) 652-0505

ATTORNEYS (If Known)
David A. Felice, Cozen O'Connor, 1201 North Market Street, Suite 1400, Wilmington, DE 19801
(302) 295-2000

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 DIVERSITY (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury--Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury-- Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt. Reporting &Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| | | | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | **Habeas Corpus:** | | ☐ 871 IRS - Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | | | |
| | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1332

Brief description of cause:
Breach of contract

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ in excess of $1,500,000
Check YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES ☐ NO

## VIII. RELATED CASES(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE: June 20, 2008

SIGNATURE OF ATTORNEY OF RECORD
David A. Felice (#4090)

**FOR OFFICE USE ONLY**

RECEIPT#_____ AMOUNT_____ APPLYING IFP_____ JUDGE_____ MAG. JUDGE_____